James L. Arrasmith, Esq., SBN 332498
Sebastian Bendeck, Provisionally Licensed Attorney, PL-492436
**The Law Offices of James L. Arrasmith**
5150 Sunrise Boulevard, Suite G-1
Fair Oaks, CA 95628
Telephone: (916) 695-3595
E-mail: james@jlegal.org; sebastian@jlegal.org

*Attorney for Plaintiff* Catherine Brown,
as Successor-in-Interest to Lillian Marie Brown, Deceased

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| **CATHERINE BROWN, AS SUCCESSOR-IN-INTEREST TO LILLIAN MARIE BROWN, DECEASED,**<br>PLAINTIFF,<br><br>v.<br><br>**ARROWHEAD REGIONAL MEDICAL CENTER; COUNTY OF SAN BERNARDINO; SAN ANTONIO REGIONAL HOSPITAL; UPLAND REHABILITATION AND CARE CENTER; UNITED HEALTHCARE SERVICES, INC.; and DOES 1 through 50, inclusive,**<br><br>DEFENDANTS. | **Case No.:** 5:26-cv-00658-KK-ACCV<br><br>(Removed from Superior Court of California, County of San Bernardino, Case No. CIVSB2535674)<br><br>PLAINTIFF CATHERINE BROWN'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Hearing Date:** Thursday, April 16, 2026<br>**Time:** 9:30 AM<br>**Courtroom:** 3 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, April 16, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the Honorable Kenly Kiya Kato, Plaintiff Catherine Brown ("Plaintiff"), as successor-in-interest to Lillian Marie Brown, deceased, will and hereby does move, pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to the Superior Court of California, County of San Bernardino, Case No. CIVSB2535674.

This motion is made following the conference of counsel pursuant to L.R. 7-3. As set out in the accompanying declaration, counsel conferred regarding UHC's asserted bases for removal and the parties were unable to resolve the jurisdictional dispute.

This motion is made on the ground that this Court lacks subject-matter jurisdiction. Removing Defendant UHC of California, erroneously sued as United HealthCare Services, Inc. ("UHC"), removed solely under 28 U.S.C. § 1442(a)(1), but its Notice of Removal alleges only contract administration and regulatory compliance in a Medicare Advantage program. That is not enough. UHC does not plausibly allege that a federal officer directed the specific authorization decision challenged by Plaintiff's state-law wrongful death, survival, and elder-abuse-based claims. Any Medicare Act preemption, exhaustion, or other federal defense goes to the merits and cannot create removal jurisdiction.

**I.** This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Sebastian Bendeck Regarding Compliance with L.R. 7-3, all pleadings and papers on file in this action, the Notice of Removal and its exhibits, any matters of which the Court may take judicial notice, and such oral argument as may be presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a California wrongful death, survival, and elder-abuse action arising from the catastrophic decline and death of Lillian Marie Brown after a December 2024 facial-fracture injury and the alleged failures of multiple healthcare defendants, including an alleged refusal to authorize time-

sensitive surgery, negligent transfer decisions, and substandard hospital and skilled-nursing care. The complaint pleads only California causes of action.

UHC removed under 28 U.S.C. § 1442(a)(1) on the theory that, because it administered a Medicare Advantage plan under contract with the Centers for Medicare & Medicaid Services ("CMS"), it was "acting under" a federal officer. Recent Ninth Circuit authority forecloses that theory. UHC alleges regulation, oversight, and contract performance. It does not allege that the federal government delegated to UHC authority to make the specific authorization decision Plaintiff challenges on the federal government's behalf.

The defect is jurisdictional, not merely technical. A defendant does not become a federal officer by participating in a heavily regulated federal program. Nor does a federal defense convert a state-law tort action into a federal case. Because subject-matter jurisdiction is a threshold issue, the Court should remand before reaching UHC's pending motion to dismiss.

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action in the Superior Court of California, County of San Bernardino, Case No. CIVSB2535674, on December 5, 2025. The complaint asserts California causes of action arising from the treatment and care of Lillian Marie Brown by multiple defendants, including Arrowhead Regional Medical Center, the County of San Bernardino, San Antonio Regional Hospital, Upland Rehabilitation and Care Center, and UHC.

On February 12, 2026, UHC of California, erroneously sued as United HealthCare Services, Inc., removed the action under 28 U.S.C. §§ 1442 and 1446. The Notice of Removal contends that UHC is a Medicare Advantage Organization ("MAO") that contracts with CMS to administer Medicare Part C benefits and therefore was "acting under" a federal officer for purposes of § 1442(a)(1).

UHC has also moved to dismiss on Medicare Act preemption grounds. That filing confirms the real nature of UHC's theory: UHC contends federal law supplies a defense to Plaintiff's state-law claims. The complaint itself pleads no federal cause of action.

No other basis for federal jurisdiction exists. The complaint pleads no claim arising under federal law, and diversity jurisdiction is absent.

## III. LEGAL STANDARD

A private entity removing under 28 U.S.C. § 1442(a)(1) must show that it is a "person" within the meaning of the statute, that it acted under a federal officer, that there is a causal nexus between the plaintiff's claims and actions the defendant took under color of federal office, and that it can assert a colorable federal defense. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *DeFiore v. SOC LLC*, 85 F.4th 546, 554 (9th Cir. 2023).

The "central issue" in the causal-nexus analysis is whether a federal officer directed the defendant to take the action challenged by the complaint. *Lake v. Ohana Military Communities, LLC*, 14 F.4th 993, 1005 (9th Cir. 2021). A removing defendant must show more than participation in a detailed regulatory scheme; it must connect the challenged conduct to federal direction. *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022); *DeFiore*, 85 F.4th at 554.

Where, as here, Plaintiff facially challenges the Notice of Removal, the Court accepts well-pleaded jurisdictional allegations as true and determines whether those allegations plausibly establish federal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014).

## IV. ARGUMENT

### A. UHC Was Not "Acting Under" a Federal Officer Merely Because It Administers a CMS-Regulated Medicare Advantage Plan.

UHC's removal theory begins and ends with the proposition that it administers a Medicare Advantage plan subject to extensive CMS regulation. That proposition does not satisfy § 1442. In *Watson v. Philip Morris Cos., Inc.*, the Supreme Court held that federal-officer removal does not apply simply because "a federal regulatory agency directs, supervises, and monitors a company's activities in considerable detail." 551 U.S. 142, 145, 153 (2007). The relationship must go beyond ordinary regulation and involve assistance to the federal government in carrying

out a basic governmental task under the sort of close direction that the statute requires. *Id.* at 151-53.

The Ninth Circuit recently reaffirmed the same principle in *Doe v. Cedars-Sinai Health System*. There, the court held that participation in a "generally applicable and comprehensive regulatory scheme" did not satisfy § 1442(a)(1). 106 F.4th 907, 917-19 (9th Cir. 2024). The court emphasized that the defendant had not shown congressionally delegated authority to perform the challenged conduct on the federal government's behalf. *Id.* at 917.

So too here. UHC alleges that it contracts with CMS, receives fixed monthly payments, follows Medicare rules, and administers benefits for plan members. Even if those allegations are accepted as true, they show participation in a federally regulated program, not that CMS delegated to UHC authority to make the particular authorization decision challenged in this case on behalf of a federal officer.

Nor do UHC's own allegations bridge that gap. The Notice of Removal does not allege that CMS or any federal officer directed UHC to deny or delay authorization of Ms. Brown's surgery, dictated the substance of the challenged decision, or compelled the timing of the conduct Plaintiff challenges. That missing allegation is fatal.

**B. UHC Cannot Establish the Required Causal Nexus Because No Federal Officer Directed the Specific Conduct Plaintiff Challenges.**

Even if UHC could satisfy the "acting under" element in the abstract, removal still fails because UHC does not plausibly allege a causal nexus between any federally directed conduct and Plaintiff's claims.

*Lake* makes the point cleanly: the causal-nexus inquiry turns on whether "a federal officer directed the defendant to take the action challenged." 14 F.4th at 1005. When the challenged decision remains the defendant's own decision, removal under § 1442(a)(1) fails. *Id.* at 1004-05. Here, Plaintiff challenges a series of alleged wrongful acts and omissions that culminated in the suffering and death of Lillian Marie Brown, including, as to UHC, the alleged refusal to

authorize time-sensitive surgery and the related consequences of that decision. UHC's removal papers do not plausibly allege that any federal officer directed that authorization decision.

That omission is dispositive. A general federal framework governing Medicare Advantage plans does not create the required nexus between federal direction and the particular conduct Plaintiff challenges. See *Lake*, 14 F.4th at 1005; *DeFiore*, 85 F.4th at 554.

This is also a multi-defendant healthcare action asserting independent state-law claims arising from the conduct of non-removing providers. UHC cannot manufacture federal-officer jurisdiction by recasting the case as a dispute over Medicare administration when the complaint pleads state-law tort claims based on party-specific conduct.

**C. UHC's Medicare Act Preemption Theory Is a Defense, Not a Basis for Removal Jurisdiction.**

UHC's contemporaneous motion to dismiss confirms that UHC's real argument is preemption. UHC contends that Medicare Part C displaces Plaintiff's claims against it. Even if UHC can articulate a colorable federal defense, that does not create removal jurisdiction.

Under the well-pleaded complaint rule, federal-question jurisdiction exists only when a federal issue appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint asserts only California causes of action. It does not plead a Medicare Act claim, a federal administrative review claim, or any other federal cause of action. Section 1442 requires a colorable federal defense as one element of federal-officer removal, but that element does not excuse UHC from showing that it acted under a federal officer and that a federal officer directed the specific conduct challenged here. *DeFiore*, 85 F.4th at 554. UHC has not made that showing.

## V. CONCLUSION

UHC has not carried its burden to establish removal jurisdiction under 28 U.S.C. § 1442(a)(1). Its allegations show, at most, that it administers a Medicare Advantage plan in a heavily regulated federal program. They do not establish that UHC acted under a federal officer or that a federal officer directed the authorization decision Plaintiff challenges. The Court should remand

this action immediately to the Superior Court of California, County of San Bernardino, before reaching the merits of UHC's pending motion to dismiss.

If the Court remands, any pending federal motions should be denied as moot without prejudice to renewal, if appropriate, in state court.

DATED: March 13, 2026

**THE LAW OFFICES OF JAMES L. ARRASMITH**

By: James L. Arrasmith

James L. Arrasmith
Attorney for Plaintiff
Catherine Brown