James L. Arrasmith, Esq., SBN 332498
Sebastian Bendeck, Provisional Attorney, PL-492436
**The Law Offices of James L. Arrasmith**
5150 Sunrise Boulevard, Suite G-1
Fair Oaks, CA 95628
Telephone: (916) 584-9453
E-mail: caseteam-263@jlegal.org

Attorney for CATHERINE BROWN, individually and as successor in interest to LILLIAN MARIE BROWN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

| | |
|---|---|
| CATHERINE BROWN, individually and as successor in interest to LILLIAN MARIE BROWN, deceased,<br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, doing business as ARROWHEAD REGIONAL MEDICAL CENTER; SAN ANTONIO REGIONAL HOSPITAL; UPLAND REHABILITATION AND CARE CENTER; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 5:26-cv-00658-KK-ACCV<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. Wrongful Death<br>2. Professional Negligence; Survival Action<br>3. Elder Abuse by Neglect |

Plaintiff CATHERINE BROWN alleges:

**PARTIES**

1. Plaintiff CATHERINE BROWN is, and at all relevant times was, an individual residing in San Bernardino County, California.
2. Plaintiff is the daughter of decedent LILLIAN MARIE BROWN.
3. Plaintiff brings the First Cause of Action in her individual capacity as decedent's heir and wrongful death beneficiary.

4. Plaintiff brings the Second Cause of Action as decedent's successor in interest pursuant to Code of Civil Procedure sections 377.30 and 377.32.
5. Plaintiff brings the Third Cause of Action pursuant to Welfare and Institutions Code section 15657.3, subdivision (d), and Code of Civil Procedure section 377.32, as decedent's sole surviving heir and successor in interest, no personal representative having been appointed.
6. Decedent LILLIAN MARIE BROWN was born on July 16, 1947, and died on September 16, 2025, at Kindred Hospital in Rancho Cucamonga, California.
7. Decedent's spouse, ERNEST BROWN, predeceased her.
8. Plaintiff is decedent's only child and sole surviving heir.
9. No California probate proceeding is pending for decedent's estate, and plaintiff has executed a declaration pursuant to Code of Civil Procedure section 377.32.
10. Defendant COUNTY OF SAN BERNARDINO, doing business as ARROWHEAD REGIONAL MEDICAL CENTER ("County" or "Arrowhead"), is a public entity. At all relevant times, County owned, operated, controlled, staffed, and managed Arrowhead Regional Medical Center in Colton, California.
11. Defendant SAN ANTONIO REGIONAL HOSPITAL ("San Antonio") is, and at all relevant times was, a hospital doing business in San Bernardino County, California.
12. Defendant UPLAND REHABILITATION AND CARE CENTER ("Upland") is, and at all relevant times was, a skilled nursing and rehabilitation facility doing business in San Bernardino County, California.
13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.
14. Plaintiff is informed and believes, and on that basis alleges, that each DOE defendant was in some manner legally responsible for the events and injuries alleged herein.

15. At all relevant times, each institutional defendant acted through its officers, employees, medical staff, nurses, administrators, contractors, and agents, each acting within the course and scope of that relationship.

**JURISDICTION, VENUE, AND STATUTORY PRECONDITIONS**

16. This action is presently pending in this Court following removal from the Superior Court of California, County of San Bernardino.
17. Plaintiff's motion to remand remains pending. Plaintiff files this First Amended Complaint in compliance with the Court's March 9, 2026, order and without waiving her remand position.
18. Venue is proper in this District because this action was removed here and because a substantial part of the events or omissions giving rise to the claims occurred in San Bernardino County, within this District.
19. Plaintiff timely presented a written claim to the County of San Bernardino regarding decedent's predeath injuries. The County acknowledged receipt of that claim on or about May 14, 2025. Plaintiff is informed and believes that no timely written notice of action on the claim was served before this action was commenced, and that the claim was therefore deemed rejected by operation of law before suit. County is named in this First Amended Complaint only on the survival cause of action.
20. On or about November 5, 2025, plaintiff served written notice of intent to commence this action under Code of Civil Procedure section 364 on San Antonio Regional Hospital and Upland Rehabilitation and Care Center.
21. This action was originally commenced on December 5, 2025.

**GENERAL ALLEGATIONS**

22. Before the events alleged herein, decedent was 77 years old and lived independently.
23. Before December 7, 2024, decedent lived alone, drove, handled her own daily affairs, and was not institutionalized.
24. On December 7, 2024, while at plaintiff's home in San Bernardino County, decedent fell and sustained serious facial trauma.

25. Plaintiff transported decedent to San Antonio for emergency evaluation and treatment.

26. At San Antonio, decedent was evaluated and determined to require transfer for trauma-level care and oral and maxillofacial or facial-fracture treatment.

27. Plaintiff expressly requested that decedent be transferred to Pomona Valley Hospital Medical Center because that facility would keep decedent in network under her health coverage.

28. Despite that request, San Antonio transferred decedent to Arrowhead during the early morning hours of December 8, 2024, without notifying plaintiff in advance.

29. Upon admission to Arrowhead, decedent was diagnosed with severe facial fractures, including Le Fort-pattern fractures and related orbital, maxillary, and nasal fractures.

30. Plaintiff was informed by treating trauma physicians at Arrowhead that decedent needed prompt definitive surgical treatment within a time-sensitive post-injury window.

31. Plaintiff was further informed that insurance authorization issues were being cited as a barrier to that treatment because Arrowhead was considered out of network.

32. Arrowhead did not provide definitive facial-fracture surgery within the time-sensitive treatment window.

33. Arrowhead's own discharge summary later recorded that surgery needed to be performed within two weeks of injury, but that no surgical intervention was planned because inpatient authorization had been denied.

34. Plaintiff is informed and believes, and on that basis alleges, that Arrowhead failed to arrange timely transfer to a facility that would provide the needed definitive treatment.

35. Decedent remained hospitalized at Arrowhead until late January or early February 2025, when plaintiff arranged for her transfer to Kindred Hospital in Rancho Cucamonga.

36. On January 1, 2025, while still at Arrowhead, decedent suffered seizure activity and was transferred to intensive care.

37. Thereafter, decedent suffered severe medical complications, including acute encephalopathy, respiratory failure, status epilepticus or seizure disorder, MRSA

bacteremia, infective endocarditis, COVID-19, pneumonia, tracheostomy, feeding-tube placement, and profound functional decline.

38. From Kindred, decedent was later transferred to Upland for skilled nursing and rehabilitation.

39. By the time of her admission to Upland, decedent was bedridden, tube-fed, tracheostomy-dependent, cognitively impaired, and dependent on others for basic needs.

40. At Upland, decedent required extensive custodial and skilled nursing care, including monitoring, repositioning, hygiene, skin protection, wound-related care, infection prevention, and timely response to deterioration.

41. While decedent was in Upland's care, decedent developed a severe, life-threatening abdominal infection.

42. The infection manifested as a large open wound measuring approximately six to seven inches wide and four inches deep on the left side of decedent's abdomen and required daily gauze packing.

43. Decedent developed sepsis and MRSA in connection with that wound while under Upland's care. On July 15, 2025, decedent was emergently transferred from Upland to San Antonio Regional Hospital with life-threatening infection, sepsis, a 105-degree fever, and severe sepsis requiring intensive care.

44. On July 16, 2025, decedent's 78th birthday, plaintiff was required to authorize two emergency life-saving surgeries for the abdominal infection.

45. Decedent later returned to Kindred Hospital and never returned to her preinjury baseline of independent living.

46. On September 16, 2025, decedent died at Kindred Hospital in Rancho Cucamonga.

47. The death certificate lists bacterial pneumonia as the immediate cause of death and chronic respiratory failure as the underlying cause.

48. The acts and omissions of defendants, and each of them, were substantial factors in causing or contributing to decedent's injuries, pain, suffering, disability, prolonged institutionalization, and death.

49. As a direct and legal result of the wrongful conduct alleged herein, plaintiff suffered loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support, and incurred funeral and burial expenses.

50. As a further direct and legal result of defendants' conduct, decedent sustained predeath medical, hospital, surgical, skilled nursing, custodial-care, and related economic loss according to proof.

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH**

(Code Civ. Proc., § 377.60)

Against Defendants San Antonio Regional Hospital, Upland Rehabilitation and Care Center, and Does 1 through 50

51. Plaintiff incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52. San Antonio and the DOE defendants responsible for decedent's transfer owed decedent a duty to use reasonable care in emergency assessment, transfer planning, transfer coordination, and communication with decedent and her family regarding transfer destination and consequences.

53. San Antonio and those DOE defendants breached that duty by arranging and carrying out decedent's transfer to Arrowhead despite plaintiff's request that decedent be sent to Pomona Valley Hospital Medical Center, and by failing to use reasonable care to coordinate a transfer that would permit timely definitive treatment.

54. Upland and the DOE defendants responsible for decedent's skilled nursing and custodial care owed decedent a duty to provide reasonable custodial and nursing care, including basic protection from preventable wound breakdown, infection, and related health and safety hazards.

55. Upland and those DOE defendants breached that duty by failing to furnish the monitoring, skin and wound protection, hygiene, repositioning, infection-prevention, and

timely escalation measures reasonably required for decedent's condition, thereby causing further infection, hospitalization, decline, and harm.

56. The wrongful acts and neglect of San Antonio, Upland, and the relevant DOE defendants were substantial factors in causing decedent's death.

57. Plaintiff is a proper wrongful death claimant under Code of Civil Procedure section 377.60.

58. As a direct and legal result of the wrongful conduct of San Antonio, Upland, and the relevant DOE defendants, plaintiff suffered damages according to proof, including recoverable economic and noneconomic wrongful death damages.

**<u>SECOND CAUSE OF ACTION</u>**

**PROFESSIONAL NEGLIGENCE; SURVIVAL ACTION**

(Code Civ. Proc., §§ 377.30, 377.34)

Against Defendants County of San Bernardino dba Arrowhead Regional Medical Center, San Antonio Regional Hospital, Upland Rehabilitation and Care Center, and Does 1 through 50

59. Plaintiff incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. This cause of action is brought by plaintiff solely in her capacity as successor in interest to decedent.

61. At all relevant times, each defendant named in this cause of action owed decedent a duty to exercise the level of skill, knowledge, care, and diligence ordinarily possessed and exercised by reasonably careful providers and facilities under like circumstances.

62. San Antonio and the relevant DOE defendants breached the standard of care by arranging and carrying out decedent's transfer to Arrowhead despite plaintiff's request that decedent be sent to Pomona Valley Hospital Medical Center, thereby exposing decedent to foreseeable delay and disruption in definitive care.

63. County, doing business as Arrowhead, and the relevant DOE defendants breached the standard of care by failing to secure timely definitive facial-fracture treatment, failing to arrange timely transfer for such treatment, and otherwise negligently managing

decedent's hospital care such that her condition worsened and severe complications developed.

64. Upland and the relevant DOE defendants breached the standard of care by negligently providing skilled nursing and custodial care to a wholly dependent patient, including failures in monitoring, skin integrity protection, wound-related care, infection prevention, and timely response to deterioration.

65. As a direct and legal result of the negligence of defendants named in this cause of action, decedent sustained injury and damage before death, including physical pain, mental suffering, disability, invasive procedures, prolonged hospitalization, institutionalization, medical expense, and other damages according to proof.

66. Under Government Code section 815.2, County is liable for injury proximately caused by the acts or omissions of its employees acting within the scope of employment.

67. Because this action was originally commenced on December 5, 2025, plaintiff seeks in the survival action all damages recoverable under Code of Civil Procedure section 377.34.

## **THIRD CAUSE OF ACTION**

**ELDER ABUSE BY NEGLECT**

(Welf. & Inst. Code, §§ 15610.57, 15657, 15657.3)

Against Defendants Upland Rehabilitation and Care Center and Does 1 through 50

68. Plaintiff incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69. At all relevant times, decedent was an elder within the meaning of the Elder Abuse and Dependent Adult Civil Protection Act.

70. At all relevant times, Upland and the relevant DOE defendants had care, custody, and control of decedent as a skilled nursing and rehabilitation facility and caretaker.

71. At all relevant times, decedent was dependent on Upland and the relevant DOE defendants to meet basic needs that an able-bodied and fully competent adult would ordinarily manage without assistance, including respiratory support, tube feeding,

mobility and repositioning, hygiene, skin protection, wound-related care, monitoring, and protection from health and safety hazards.

72. Upland and the relevant DOE defendants neglected decedent within the meaning of Welfare and Institutions Code section 15610.57 by failing to provide the basic custodial and nursing care reasonably necessary for a dependent elder in their custody.

73. That neglect included failure to provide adequate monitoring, skin and wound protection, hygiene, repositioning, infection prevention, timely response to deterioration, and timely escalation of care.

74. Upland and the relevant DOE defendants knew, or on information and belief should have known, that decedent was bedridden, tube-fed, tracheostomy-dependent, and extremely vulnerable to wound breakdown, infection, and rapid deterioration.

75. Despite that obvious vulnerability, Upland and the relevant DOE defendants repeatedly failed to provide basic custodial measures, failed to protect against wound breakdown and infection, and failed to timely escalate care until decedent required emergency transfer and emergency surgery.

76. Plaintiff is informed and believes, and on that basis alleges, that this course of neglect was carried out with recklessness within the meaning of Welfare and Institutions Code section 15657.

77. By reason of the foregoing, plaintiff seeks the remedies authorized by Welfare and Institutions Code section 15657, including reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

Wherefore, plaintiff prays for judgment as follows:

1. On the First Cause of Action, for wrongful death damages against San Antonio Regional Hospital, Upland Rehabilitation and Care Center, and the relevant DOE defendants according to proof, including loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and funeral and burial expenses;
2. On the Second Cause of Action, for survival damages against County of San Bernardino dba Arrowhead Regional Medical Center, San Antonio Regional Hospital, Upland

Rehabilitation and Care Center, and the relevant DOE defendants according to proof and as permitted by Code of Civil Procedure section 377.34, including predeath economic loss and predeath pain, suffering, or disfigurement to the extent permitted by statute;

3. On the Third Cause of Action, for all damages and remedies authorized by Welfare and Institutions Code section 15657 against Upland Rehabilitation and Care Center and the relevant DOE defendants, including attorney's fees and costs;
4. For prejudgment and postjudgment interest as permitted by law;
5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

DATED: March 23, 2026

THE LAW OFFICES OF JAMES L. ARRASMITH

By: James L. Arrasmith
JAMES L. ARRASMITH
Attorney for Plaintiff
CATHERINE BROWN, individually and as successor in interest to
LILLIAN MARIE BROWN, deceased