JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00658-KK-ACCVx** | Date: | May 4, 2026 |
|---|---|---|---|

Title:    ***Catherine Brown et al v. Arrowhead Regional Medical Center et al.***

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order REMANDING the Case and DENYING Plaintiff's
Motion to Remand as MOOT [Dkt. 12]**

**I.
<u>INTRODUCTION</u>**

On December 5, 2025, plaintiff Catherine Brown ("Plaintiff") commenced the instant action by filing a complaint in San Bernardino County Superior Court with state law claims arising in connection with the death of her mother Lillian Marie Brown. ECF Docket No. ("Dkt.") 1, Notice of Removal ("NOR") at 19. On February 12, 2026, former-defendant UHC of California ("UHCCA")[1] removed the case to this Court pursuant to the Federal Officer Removal Statute ("FORS"), 28 U.S.C. § 1442(a)(1), arguing Plaintiff's claims against it concerned conduct pursuant to its status as a Medicare Advantage Organization, through which UHCCA acted at the direction of a federal agency. NOR at 6-17. On March 23, 2026, Plaintiff filed the operative First Amended Complaint ("FAC"), no longer naming UHCCA as a defendant and alleging state law claims against various other defendants. Dkt. 13, FAC. Because Plaintiff has omitted the basis for this Court's jurisdiction, the matter is hereby **REMANDED** to state court.

///

///

///

---

[1] UHCCA was erroneously sued as "United Healthcare Services, Inc." NOR at 2. Further, on March 9, 2026, the Court dismissed UHCCA as a defendant. Dkt. 11.

JS-6

## II.
## BACKGROUND

On December 5, 2025, Plaintiff commenced this action in San Bernardino County Superior Court with claims against UHCCA,[2] County of San Bernardino ("County") and its Arrowhead Regional Medical Center, San Antonio Regional Hospital ("San Antonio"), and Upland Rehabilitation and Care Center ("Upland").  NOR at 19.

On February 12, 2026, UHCCA removed the case to this Court.  NOR.

On February 19, 2026, UHCCA filed a motion to dismiss all claims against it.  Dkt. 8.  On March 9, 2026, pursuant to the Court's Local Rules, the Court deemed "Plaintiff's failure to file an opposition consent to the granting of [UHCCA's motion to dismiss]."  Dkt. 11 at 1.  Accordingly, the Court granted the motion with leave to amend.  Id. at 1-2.

On March 23, 2026, Plaintiff filed the operative FAC against County, San Antonio, Upland, and Does 1 through 50, asserting state law claims for wrongful death, professional negligence, and elder abuse.  FAC.  The FAC does not name UHCCA as a defendant.  Id.

## III.
## THE COURT NO LONGER HAS JURISDICTION AND REMAND IS WARRANTED

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Generally, a case "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 "when federal law creates the cause of action asserted."  Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022).

When a complaint is amended to remove all federal questions, federal district courts are deprived of supplemental jurisdiction under 28 U.S.C. § 1367 and must remand to state court.  Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35-39 (2025).  Hence, when a case originally filed in federal court is amended to remove all federal questions, district courts must dismiss the pendent state claims for lack of subject matter jurisdiction.  See, e.g., Baldwin for & on behalf of K.B. v. Kalispell Sch. Dist. #5, 763 F. Supp. 3d 1174, 1176 (D. Mont. 2025) (dismissing a case originally filed in federal court after the plaintiff voluntarily dismissed her only federal claim).

Here, the FAC no longer names UHCCA as a defendant and asserts only state claims against various other defendants.  FAC.  Hence, Plaintiff has voluntarily eliminated the basis for this Court's removal jurisdiction – FORS.  Accordingly, the Court's "power to decide [this] dispute [is]

---

[2] UHC of California was erroneously sued as "United Healthcare Services, Inc."  NOR.

JS-6

dissolve[d]," and remand is appropriate.[3]  Royal Canin U. S. A., Inc., 604 U.S. at 30; 28 U.S.C. § 1367.  Accordingly, the matter is **REMANDED**.

## IV.
## CONCLUSION

For the reasons set forth above, this case is hereby **REMANDED** to San Bernardino County Superior Court, and Plaintiff's Motion to Remand, dkt. 12, is **DENIED** as **MOOT**.  The Clerk of Court shall close this case and send a certified copy of this Order to the state court.

**IT IS SO ORDERED**. (JS-6)

---

[3] Moreover, even if this Court retained jurisdiction, the Court would decline to exercise supplemental jurisdiction over a matter that now has only state claims.  Santa Ana Police Officers Ass'n v. City of Santa Ana, No. SACV 15-01280-DOC-DFMx, 2018 WL 3013355, at *5 (C.D. Cal. June 14, 2018) ("[O]nly state law claims remain in this action, and those claims are better decided by a state court."); Fowzer v. Cnty. of San Bernardino, No. EDCV 17-01907-DMG-KKx, 2018 WL 5880777, at *8 (C.D. Cal. Oct. 25, 2018) ("Plaintiffs' remaining state-law claims are the types of claims state courts are best equipped to handle[.]").